As the Legislature may make lawful concerted action under prescribed conditions upon the doctrine that it will advance an interest which the State has a right to protect, it is also true that the Legislature may prohibit concerted action when the prescribed conditions have not occurred.
As stated by counsel for appellant in his brief: "There was, nonetheless, a strike of certain of the employees whose number was considerably less than `a majority of the employees to be governed thereby.' This strike was for the purpose of requiring the employer to enter into a labor contract. The defendants made use of announcements through newspapers and radio facilities to further strike activities. It is admitted that no fullcompliance with F.S.A. 481.09 was established by the Union." (Italics ours)
Since the requirements of the statute have not been met, it is my conclusion that the Chancellor should be affirmed.
The Court's opinion, as prepared by Mr. Justice Sebring, states: "Assuming section 481.09(3), supra, to be a valid exercise of the state police power — a point we need not decide on the state of the record — it will be noticed, as we have previously pointed out in Moore v. City Dry Cleaners Laundry, Inc., Fla., 41 So.2d 865, that it does not require as a condition precedent that a majority vote of employees shall be obtained approving such action before the members of a local union may lawfully invite, induce, signal or announce a strike at any place of business, but requires such vote of approval only as a condition precedent to the actual act of striking by the employees themselves."
The effect of this holding is that under the circumstances of the case a strike might offend section 481.09(3) supra, yet the appellants "may lawfully invite, induce, signal or announce a strike at any place of business" when it had not been voted "by a majority of the employees to be governed thereby," which implies a right to announce as existing a strike which could not then have lawfully occurred or to induce an act prohibited by section 481.09(3), supra, i.e., before a majority had voted in favor of a strike. I cannot agree that a court of conscience should aid one in advertising an untruth or lend aid to one inducing an act prohibited by law.
ADAMS, C.J., and HOBSON, J., concur.